**FILED**

MAR 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EVANGELINE TURNER,
7 Cindy Lane, #301, Capitol Heights, MD 20743
⎯Plaintiff,

v.

FEDERAL EXPRESS CORPORATION
1501 Eckington Place, NE, Washington, D.C. 20002
Defendant.

**Case: 1:07-cv-00569**
**Assigned To : Bates, John D.**
**Assign. Date : 3/22/2007**
**Description: TURNER v. FEDEX**

Jury Trial Demanded

---

**NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Federal Express Corporation

("FedEx'), files this Notice of Removal and as grounds thereof states as follows:

1. FedEx is a named defendant in the above matter pending in the Superior Court for the

District of Columbia, Case No. 0001431-07.

2. On March 5, 2007, FedEx was served with a copy of the Complaint styled *Evangeline*

*Turner v. Federal Express Corporation, Case No. 0001431-07,* filed in the Superior Court for the

District of Columbia on February 22, 2007. The Summons, Complaint, ~~CT Service of Process~~

~~Transmittal form,~~ Initial Order from the Superior Court of the District of Columbia Civil

Division, ~~and a copy of the envelope addressed to CT Corporation Systems, certified mail,~~

constitute all pleadings, process and other documents served upon FedEx in this action. A copy

of all aforementioned documents served on Defendant is attached hereto. The Complaint was

637439 v1

the initial pleading served upon FedEx setting forth the claim upon which Plaintiff's action is based. The Complaint alleges defamation, breach of contract and wrongful discharge.

3. The Complaint asks for relief to include compensatory and punitive damages, attorney's fees, and expert witness fees, costs, and interest. The amount in controversy would exceed $75,000.

4. FedEx is informed and believes that Plaintiff was, and still is, a citizen of the State of Maryland within the meaning of 28 U.S.C. § 1332(a) because her place of residence and domicile is and was within the State of Maryland. At the time of this filing, FedEx was, and still is, a citizen of the States of Delaware and Tennessee within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was incorporated under the laws of the State of Delaware, having its principal place of business in the State of Tennessee. Moreover, FedEx is the only defendant named in the Complaint and is the only defendant that has been served a summons and complaint in this action.

5. Because Plaintiff and FedEx are citizens of different states, there is complete diversity between the parties.

6. Venue lies in the United States District Court for the District of Columbia, because Plaintiff's state court action was filed in and is pending in the Superior Court for the District of Columbia, which is within this judicial district. 28 U.S.C. § 1441(a).

7. Because there exists complete diversity of citizenship between Plaintiff and FedEx, and because the amount in controversy exceeds $75,000, the Court has original jurisdiction over this action under 28 U.S.C. § 1332. This Notice of Removal has been filed within the time period proscribed by 28 U.S.C. § 1446(b). Therefore, pursuant to 28 U.S.C. § 1441, this action is removable to this Court.

8. FedEx will file a copy of this Notice of Removal in the Superior Court for the District of Columbia, as required by 28 U.S.C. § 1446(d).

9. FedEx hereby removes this entire action to this Court as permitted by law.

Dated: March 22, 2007

Respectfully submitted,

By: _Edward J. Efkeman_ (signature)

Edward J. Efkeman
(DC Bar No. 479545)
Senior Counsel
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B – 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8555
Facsimile: (901) 434-9271

M. Kimberly Hodges
TN Bar No. 020809
Senior Attorney
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B – 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8217
Facsimile: (901) 434-9278

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Removal was served via first class mail, postage prepaid this 22nd day of March, 2007 on the following:

Michael L. Avery
AVERY & ASSOCIATES
1331 H Street, NW, Suite 902
Washington, DC 20005
Telephone:  (202) 393-4600
Fax:  (202) 393-3633

Edward J. Efkeman

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

Case 1:07-cv-00569-JDB     Document 1-2     Filed 03/22/2007     Page 0 of E
07-569
JDB

## I (a) PLAINTIFFS

Evangeline Turner

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF      Prince George
(EXCEPT IN U.S. PLAINTIFF CASES)                        88888

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael Avery
Avery & Associates
1331 H Street, NW, Suite 902
Washington, DC 20005
(202) 393-4600

## DEFENDANTS

Federal Express Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT      Shelby

Case: 1:07-cv-00569
Assigned To : Bates, John D.
Assign. Date : 3/22/2007
Description: TURNER v. FEDEX

Memphis, TN 38125
(901) 434-8555

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

⊙ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

⊙ **E.** *General Civil (Other)*      OR      ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** Employment Discrimination | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ⊙ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defamation, Breach of Contract, and Wrongful Discharge.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/22/07    SIGNATURE OF ATTORNEY OF RECORD    *Edward J Ekemon*   JTC

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

EVANGELINE TURNER
7 Cindy Lane, #301
Capitol Heights, MD 20743

        Plaintiff

        v.

FEDERAL EXPRESS CORPORATION
1501 Eckington Place, NE
Washington, DC 20002

Serve:

CT Corporation Systems
1015 15th Street, NW, Suite 1000
Washington, DC 20005-2621

        Defendant

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.

FILED CIVIL ACTIONS BRANCH
FEB 22 2007
Superior Court
of the District of Columbia
Washington, D.C.

2001431-07

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, the Plaintiff, Evangeline Turner, by her attorney, Michael L. Avery, and for her cause of action states as follows:

### JURISDICTION

1.    Jurisdiction for the within cause of action is properly laid in the Superior Court for the District of Columbia pursuant to D.C. Code Title 11 Section 921 as amended, in that the wrongs alleged occurred within the District of Columbia.

2.    Defendant Federal Express Corporation is subject to personal jurisdiction in the District of Columbia.

Case: 2007 CA 001431 B
DKT: CABCLSF
2185256 CLIPPERK 02/26/2007 9:35:34 AM

## PARTIES

3.    Plaintiff, Evangeline Turner, (hereinafter referred to as "Plaintiff" and/or "Ms. Turner") is a natural adult person residing in the State of Maryland and at the time of her termination of employment was employed by the Defendant Federal Express Corporation (hereinafter referred to as "Defendant" and/or "FedEx")

4.    Defendant Federal Express Corporation is a corporation of the State of Delaware with its principal place of business in Memphis, Tennessee.

5.    Defendant does business in the District of Columbia and Plaintiff was assigned to work out of the office located at 1501 Eckington Place, NE, Washington, DC 20002.

## FACTUAL BACKGROUND

6.    On or about September 3, 1997, Plaintiff was hired by the Defendant FedEx to be a courier assigned to routes within the District of Columbia.

7.    Throughout her tenure, Ms. Turner received good evaluations.

8.    On or about January 11, 2006, Ms. Turner was assigned to her usual route that encompassed deliveries to 1200 Pennsylvania Avenue, NW, 1201 Constitution Avenue, NW, and 1301 Constitution Avenue, NW, specifically the Environmental Protection Agency and the Internal Revenue Service.

2185256 CLIPPERK 02/26/2007 9:35:34 AM

9.    As a security measure, Ms. Turner was required to park her Federal Express vehicle on the loading dock of the Environment Protection Agency.

10.    On January 11, 2006, Ms. Turner parked her vehicle in the loading dock and signed the visitor's register at 9:05 a.m.

11.    Ms. Turner completed her deliveries for the day of January 11, 2006 and signed her "time-out" register at the end of the day reflecting a time of 14:47 (2:47 p.m.)

12.    Ms. Turner continued to her office location of 1501 Eckington Place, NE, Washington, DC 20002 and clocked out for the day.

13.    On January 20, 2006 Ms. Turner's manager, Danny Thompson, advised Plaintiff that her vehicle had been involved in an accident that took place on Janary 11, 2006.

14.    Ms. Turner denied that she had been in an accident on that day but she was suspended with pay pending investigation of the matter.

15.    On or about January 30, 2006, Defendant obtained a statement from a taxi driver who allegedly identified Ms. Turner from a photograph that he was given by Defendant.

16.    Defendant obtained statements from witnesses who advised that they saw an accident between a taxi and a FedEx vehicle but who did not identify Ms. Turner as the driver of the FedEx vehicle.

17.    Ms. Turner was not given the opportunity to see the taxi driver who identified her and he never actually saw her.

2185256 CLIPPERK 02/26/2007 9:35:34 AM

18.    Ms. Turner does not know what picture was provided to the taxi driver.

19.    On February 3, 2006, Ms. Turner was terminated from her employment with Defendant.

20.    Ms. Turner appealed the termination and provided statements to Defendant from security guards at the Environmental Protection Agency advising that on January 11, 2006, Ms. Turner worked the entire day.

21.    Ms. Turner provided documentation generated by Defendant that indicated she had not left the loading dock from 9:07 am until 14:47 (2:47 p.m.)

22.    Ms. Turner provided documentation generated by Defendant that indicated Ms. Turner was doing work throughout the day and specifically between the hours of 11:44 a.m. and 12:02 p.m., the time period during which the accident allegedly occurred.

23.    Ms. Turner went through the appeal process of Defendant known as Guaranteed Fair Treatment Procedure but her termination was upheld.

24.    Subsequent to her termination, Ms. Turner applied for unemployment benefits.

25.    Defendant contested Ms. Turner's application for unemployment benefits and reported that she had been terminated "for cause."

26.    Ms. Turner provided the District of Columbia Department of Employment Services ("DOES") with documentation that she had not engaged in willful misconduct.

27.    The DOES granted Ms. Turner's application for unemployment benefits and she began to receive compensation.

28.    Defendant appealed the decision and a hearing was scheduled.

29.    A hearing was convened and Defendant did not appear.

30.    Ms. Turner continued to receive unemployment compensation.

### COUNT I - DEFAMATION

31.    Plaintiff Evangeline Turner incorporates by reference the allegations contained in paragraphs one through thirty as if fully set forth herein

32.    The statements of Defendant that Plaintiff had engaged in willful misconduct constituted a malicious publication.

33.    Defendant knew that its statements were false and made with malicious intent.

34.    The suspension of Plaintiff by Defendant communicated to her co-workers and all other employees of Defendant that Plaintiff had performed a disgraceful and/or dishonest act.

35.    The statements of Defendant injured Ms. Turner in her trade, and community standard and lowered her in the estimation of the community.

36.    The statements of Defendant besmirched the character of Ms. Turner.

2185256 CLIPPERK 02/26/2007 9:35:34 AM

37.    The statements of Defendant were excessive and unsupported by the evidence provided by Ms. Turner.

38.    On March 3, 2006 the claims examiner of the Department of Employment Services determined that Defendant Federal Express provided no information that would have supported its position that Ms. Turner had engaged in misconduct.

39.    Despite the fact that it had no evidence, Defendant Federal Express appealed the determination of the claims examiner.

40.    At a hearing held at the Department of Employment Services, Defendant Federal Express failed to appear and Ms. Turner prevailed on her claims for unemployment benefits.

WHEREFORE, Plaintiff Evangeline Turner prays that this Court enter judgment:

a.    Awarding her compensatory damages in an amount that will compensate her for her emotional pain, suffering, inconvenience, mental anguish, and mental distress in the form of embarrassment, humiliation, and anxiety, and loss of enjoyment of life;

b. Awarding her punitive damages in an amount that will punish Defendant and deter similar conduct by other employers in the future;

c.    Awarding attorney's fees;

d.    Awarding all expert witness fees, costs, and interest, allowable by law; and

e. Such other and further relief as this Court deems proper.

## COUNT II - BREACH OF CONTRACT

41. Plaintiff repeats and reiterates the allegations of paragraphs one through forty, and incorporates same as if set forth at length herein.

42. Prior to her termination, Ms. Turner entered into a written, oral and/or implied contract of employment with defendant and was an employee of defendant.

43. Defendant had in place at the time of plaintiff's employment certain procedures listed in an employee handbook or manual, which procedures were to be followed prior and subsequent to the termination of an employee.

44. Said employee handbook or manual contained said procedures and certain rights and obligations owed to an employee prior and subsequent to termination

45. Said handbook or manual was widely distributed by defendant and created a reasonable expectation in defendant's employees that they were entitled to the aforesaid rights and procedure protections prior and subsequent to termination.

46. Ms. Turner read the aforesaid handbook or manual or like publication distributed by defendant and based thereupon, as well as oral defendant's representations, had the reasonable expectation that the procedures and rights contained therein would be followed prior and subsequent to her being terminated by defendant.

47.    The procedures and rights contained in said employee handbook, manual and/or oral contract, and/or representations, became part of the employment contract between plaintiff and defendant.

48.    On or about February 3, 2006, defendant breached its written and/or oral employment contract with plaintiff by discharging plaintiff in contravention of company procedures, some of which were listed in said handbook or manual and in not allowing plaintiff to assert her rights as set forth therein.

49.    As a result of the aforesaid acts of defendants, Ms. Turner has lost and been deprived of salary and other benefits which she would otherwise have derived from being continued in the service of defendant, and was hampered in her efforts to obtain similar or equivalent employment.

WHEREFORE, Plaintiff Evangeline Turner prays that this Court enter judgment:

a. Awarding her compensatory damages in an amount that will compensate her for her emotional pain, suffering, inconvenience, mental anguish, and mental distress in the form of embarrassment, humiliation, and anxiety, and loss of enjoyment of life;

b. Awarding her punitive damages in an amount that will punish Defendant and deter similar conduct by other employers in the future;

c. Awarding attorney's fees;

d.    Awarding all expert witness fees, costs, and interest, allowable by law; and

e. Such other and further relief as this Court deems proper.

## COUNT III - WRONGFUL DISCHARGE

50. Plaintiff repeats and reiterates the allegations of paragraphs one through forty-nine, and incorporates same as if set forth at length herein.

51. Plaintiff Turner's contract for employment designated that she could be terminated for cause.

52. In January of 2006, Ms. Turner was accused of not reporting an accident while she was driving her a vehicle owned by Defendant.

53. Defendant advised Ms. Turner that the driver of a taxi cab in the District of Columbia had identified her as the driver of Defendant's vehicle.

54. Defendant did not permit Ms. Turner to confront her accuser nor did the taxi cab driver identify her in person.

55. Ms. Turner provided Defendant with documentation reflecting the fact that she was not driving her vehicle at the time of the accident.

56. Notwithstanding the submission of documentation and affidavits by Ms. Turner, Defendant terminated Ms. Turner.

57. Defendant did not appear at Ms. Turner's unemployment hearing that would have enabled Ms. Turner to further question Defendant as to the basis of her termination.

58. Defendant unjustly and wrongfully terminated Ms. Turner.

WHEREFORE, Plaintiff Evangeline Turner prays that this Court enter judgment:

2185256 CLIPPERK 02/26/2007 9:35:34 AM

a. Awarding her compensatory damages in an amount that will compensate her for her emotional pain, suffering, inconvenience, mental anguish, and mental distress in the form of embarrassment, humiliation, and anxiety, and loss of enjoyment of life;

b. Awarding her punitive damages in an amount that will punish Defendant and deter similar conduct by other employers in the future;

c. Awarding attorney's fees;

d. Awarding all expert witness fees, costs, and interest, allowable by law; and

e. Such other and further relief as this Court deems proper.

DEMAND FOR JURY TRIAL

Plaintiff Evangeline Turner hereby demands a trial by jury.

Respectfully submitted,

Michael L. Avery (Bar No. 447083)
AVERY & ASSOCIATES
1331 H Street, NW, Suite 902
Washington, DC 20005
202-393-4600
FAX 202-393-3633

Evangeline Turner Complaint                    10

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| EVANGELINE TURNER | |
| *Plaintiff* | Civil Action No. |
| **VS.** | |
| FEDERAL EXPRESS CORPORATION | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Michael L. Avery | |
| Name of Plaintiff's Attorney | By _____ |
| 1331 H St., NW, Suite 634 | Deputy Clerk |
| Address | |
| Washington, DC 20005 | |
| 202-393-4600 | Date 2/22/07 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

EVANGELINE TURNER

vs.

FEDERAL EXPRESS CORPORATION

Case Number:

Date: 2/22/2007

*Name:*
Michael L. Avery

Firm Name:
Avery & Associates

Telephone No.: 703-462-5050    Unified Bar No.: 447083

Relationship to Lawsuit

⊙ Attorney for Plaintiff

◯ Self (Pro Se)

Other:

TYPE OF CASE:  ◯ Non-Jury    ⊙ 6 Person Jury    ◯ 12 Person Jury

Demand: $ 1,000,000.00    Other:

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.    Judge    Calendar #

Case No.    Judge    Calendar #

## NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ *16* Under $25,000 Consent Denied
- ☐ **17 OVER $25,000**

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☑ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence

- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☑ 20 Other:
- ☐ 2 1 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496-Feb. 95

**D. OTHERS**

I. 
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ **07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent**
- ☐ 08 Quiet Title
- ☐ 09 Special Writ (Specify)

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐ 25 Other:
- ☐ **26 Insurance/Subrogation Under $25,000   Consent Denied**
- ☐ **27 Insurance/Subrogation Over $25,000**

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐ 20 Master Meter (D.C. Code 43-541, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-I(b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(I) (Perpetuate Testimony)

2185256 CLIPPERK 02/26/2007 9:35:34 AM



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EVANGELINE TURNER
    Vs.
FEDERAL EXPRESS CORPORATION

C.A. No.    2007 CA 001431 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  February 22, 2007
Initial Conference: 9:30 am, Friday, June 01, 2007
Location:  Courtroom B-52
        409 E Street, NW
        WASHINGTON, DC 20001