UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EVANGELINE TURNER,

    Plaintiff,

v.                                                             Case No.:  1:07-cv-00569 JDB

FEDERAL EXPRESS CORPORATION

    Defendant.

**DEFENDANT FEDERAL EXPRESS CORPORATION'S
REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

    Defendant, Federal Express Corporation (hereinafter "Defendant"), pursuant to LCvR 7(d) submits the following Reply Memorandum in response to Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint.

    I.    **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT IS UNTIMELY AND SHOULD BE STRICKEN**.

    Plaintiff has filed her Memorandum in Opposition to Defendant's Motion to Dismiss one week after the deadline.  Accordingly, this Court should exercise its discretion to strike Plaintiff's response and treat Defendant's Motion as conceded.  LCvR 7(b) provides that an opposing party must serve its memorandum in opposition to a motion within eleven (11) days of the date of service of a motion.  "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."  *Id.*

In the present case, Defendant filed and served its Motion to Dismiss through the Court's ECF system on April 5, 2007. Plaintiff's response would, therefore, have been due on April 16, 2007 pursuant to the rules for calculating deadlines in Fed. R. Civ. P 6(a). *See also*, Fed. R. Civ. P. 5(b)(2)(D) ("Service by electronic means is complete upon transmission . . ."). Plaintiff, through her attorney, filed and served her response to Defendant's Motion on April 23, 2007. Accordingly, Plaintiff's Memorandum should be stricken and this Court should treat Defendant's Motion to Dismiss as conceded. Alternatively, this Court should grant Defendant's Motion to Dismiss because, as explained both in Defendant's Motion to Dismiss and below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

  II. **THIS COURT MAY PROPERLY CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT IN DECIDING A MOTION TO DISMISS**

Plaintiff argues in her Memorandum that Defendant's Motion to Dismiss must be converted to a Motion for Summary Judgment because Defendant attached an authenticated copy of the Employee Handbook at issue to its Motion. Defendant does not take issue with the general rule that a Motion to Dismiss may be converted to a Motion for Summary Judgment if the court is required to consider materials outside the pleadings. However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-1385 (10th Cir. 1997). *See also, Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991); *Cortec Indus., Inc. v. Sum*

*Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *New Beckley Mining Corp. v. United Mine Workers or Amer.*, 18 F.3d 1161, 1164 (4th Cir. 1994); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.*

In this case, Plaintiff alleges that the Employee Handbook she received from Defendant created a contractual relationship. Plaintiff did not attach a copy of the handbook at issue to the Complaint. Therefore, Defendant was required to attach an authenticated copy of the handbook to its Motion to Dismiss in order for this Court to determine whether the document at issue created a contract as a matter of law. The Declaration of Lisa Monahan, which was also attached to the Motion to Dismiss, was included merely to authenticate the Handbook.[1] Accordingly, the Court may properly consider these documents as part of Defendant's Motion to Dismiss.

### III. DEFENDANT'S ALLEGED STATEMENTS ARE ALL PRIVILEGED

Although somewhat unclear, Plaintiff appears to allege in her opposing memorandum that Defendant defamed her when it sent her a letter informing her that she had lost her appeal of her termination through Defendant's internal GFTP (Guaranteed

---

[1] Plaintiff alleges that the Declaration of Lisa Monahan also "acknowledge[s] Ms. Turner's receipt and understanding of the documents." *See* Memorandum in Opposition, p. 5. However, a quick review of the Declaration clearly shows that it merely authenticates the Handbook.

3

Fair Treatment Procedure) process. *See* Memorandum in Opposition, p. 7. Defendant notes at the outset that this allegation is not made in Plaintiff's Complaint and was, therefore, not directly addressed in Defendant's Motion to Dismiss.[2] Indeed, it is not entirely clear from Plaintiff's Memorandum that she is making such an allegation now. However, even assuming, *arguendo*, that such a claim based upon this alleged statement were timely, any statements made by Defendant to its own employees would also be privileged.

Generally, a privilege exists for anything "said or written by a master in giving the character of a servant who has been in his [or her] employment." *White v. Nicholls*, 44 U.S. 266, 287 (1845); *Washington Times Co. v. Bonner*, 86 F.2d 836, 840 (1936). This privilege exists where there is an "absence of malice." *Washington Times*, 86 F.2d at 840. However, it is the burden of the party seeking to overcome the privilege to show malice. *See Ashford v. Evening Star Newspaper Co.*, 41 App. D.C. 395, 405 (1914) ("The communication being privileged, defendant will be presumed to have been actuated by pure motives in its publication.")

In her Memorandum, Plaintiff points to a statement that was allegedly contained in a letter from Defendant to Plaintiff informing her of the result of her appeal through Defendant's internal GFTP process. However, Plaintiff does not allege in her Complaint or elsewhere that this statement was malicious, excessive, or published outside normal channels. Therefore, Plaintiff has not overcome the qualified privilege presumed to exist with intracompany communications.

---

[2] Although Plaintiff's Complaint does mention that she sought an appeal through the GFTP process, she does not allege that any statements made during that process were defamatory. Rather, her Complaint focuses on her application to DOES. However, for the purpose of its Motion, Defendant will address both the statements allegedly made to DOES and the statements allegedly made by Defendant to its employees in the GFTP process.

4

Moreover, any statement made as a result of the GFTP process would also be privileged because Plaintiff consented to the communications.[3] "Consent is an *absolute defense* to a claim of defamation." *Farrington v. Bureau of Nat'l Affairs, Inc.*, 596 A.2d 58, 59 (D.C. 1991)(emphasis added). In the District of Columbia,

> the defense of consent has been incorporated into a three part analysis. The publication of a defamatory statement is privileged if: (1) there was either express or implied consent to the publication; (2) the statements were relevant to the purpose for which consent was given; and, (3) the publication of those statements was limited to those with a legitimate interest in their content.

*Id.*

In the present case, Plaintiff voluntarily sought an appeal of her termination through Defendant's internal GFTP process. *See* Complaint, ¶23. Accordingly, Plaintiff consented to Defendant communicating the result of the appeal and the basis for the decision. See, e.g., *Kraft v. The William Alanson White Psychiatric Found.*, 498 A.2d 1145, 1149 (D.C. 1985) ("A person who seeks an academic credential and who is on notice that satisfactory performance is a prerequisite to his receipt of that credential consents to frank evaluation by those charged with the responsibility to supervise him.")

Plaintiff further alleges that the alleged communications Defendant made to DOES are outside the absolute privilege normally granted to such communications because of so-called "far from ordinary" circumstances. *See* Memorandum in Opposition, p. 6. Defendant assumes that Plaintiff intends to assert that its appeal of DOES's decision to grant unemployment benefits to Plaintiff is the unusual circumstance which overcomes the absolute privilege. The appeal of an award of unemployment

---

[3] Defendant further expressly denies that any such alleged statements were not sufficient as a matter of law to rise to the level of actionable defamation.

5

benefits is by no means an unusual occurrence, nor does it constitute circumstances which would justify ignoring what Plaintiff concedes is an absolute privilege.

Accordingly, Plaintiff's defamation claim should be dismissed.

### IV. DEFENDANT'S EMPLOYEE HANDBOOK IS NOT A CONTRACT.

The provisions of an employee handbook are "unenforceable at law" where the handbook "contains language clearly reserving the employer's right to terminate at will." *Sisco v. GSA Nat'l Capital Fed. Credit Union*, 689 A.2d 52, 55 (D.C. 1997).  As explained in detail in Defendant's Motion to Dismiss, the Employee Handbook at issue specifically and conspicuously disclaims any contractual intent and preserves the at-will employment relationship between Plaintiff and Defendant. Plaintiff was fully informed of her at-will status in the Handbook, on her signed Acknowledgement page, and on her employment application.  Accordingly, no contract between the parties existed and Plaintiff's Breach of Contract and Wrongful Discharge claims should be dismissed.

### CONCLUSION

Based upon the foregoing, Defendant moves this Court to dismiss Plaintiff's Complaint with prejudice in its entirety and to award it such other and further relief to which it may be entitled.

Respectfully submitted,

By: /s/ M. Kimberly Hodges
M. Kimberly Hodges
(admitted *pro hac vice*)
TN Bar No. 020809
Senior Attorney
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B – 3rd Floor
Memphis, Tennessee  38125
Telephone: (901) 434-8217
Facsimile: (901) 434-9278

Edward J. Efkeman
(DC Bar No. 479545)
Senior Counsel
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B – 3rd Floor
Memphis, Tennessee  38125
Telephone: (901) 434-8555
Facsimile: (901) 434-9271

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via ECF and served electronically this 30th day of April, 2007, on the following:

Michael L. Avery
AVERY & ASSOCIATES
1331 H Street, NW, Suite 902
Washington, DC 20005
Telephone:  (202) 393-4600
Fax:  (202) 393-3633

/s/ M. Kimberly Hodges