UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EVANGELINE TURNER,

    Plaintiff,

    v.

FEDERAL EXPRESS CORP.,

    Defendant.

Civil Action No. 07-00569 (JDB)

## MEMORANDUM OPINION

Plaintiff Evangeline Turner brought this action against her former employer, defendant Federal Express Corp., for breach of contract, defamation, and wrongful termination. Federal Express has moved to dismiss, arguing that certain defamation claims are untimely while others are subject to absolute or qualified privilege, and that Turner's other claims are precluded by her at-will employment status. For the reasons explained below, the Court agrees and therefore the motion of Federal Express will be granted.

## BACKGROUND

Turner was hired by Federal Express on September 3, 1997 as a courier with routes in the District of Columbia. Compl. ¶ 6. On January 20, 2006, she was advised by her supervisor that her vehicle had been in an accident on January 11, 2006. Id. ¶ 13. She denied having been in an accident, but was suspended with pay pending an investigation. Id. ¶ 14. Thereafter, on February 3, 2006, she was terminated from employment. Id. ¶ 19.

Turner appealed her termination through Federal Express's Guaranteed Fair Treatment

Procedure and provided statements in support of her claim, but her termination was upheld. Id. ¶¶ 20, 23. She also applied for unemployment benefits, which Federal Express contested by reporting that she was terminated "for cause." Id. ¶¶ 24-25. After Turner provided the D.C. Department of Employment Services with documentation that she had not engaged in willful misconduct, her application for unemployment benefits was granted. Id. ¶¶ 26-27. Federal Express appealed that decision, but then failed to appear for a scheduled hearing; Turner therefore continued to receive benefits. Id. ¶¶ 28-30.

This action was filed by Turner in the Superior Court of the District of Columbia on February 22, 2007; it was removed to this Court by Federal Express on March 22, 2007. Turner asserts three claims in this action. In Count I, she alleges that both the statements of Federal Express that she had engaged in willful misconduct and her suspension by Federal Express (with resulting communication to co-employees that she had performed a disgraceful or dishonest act) constituted defamation. Id. ¶¶ 32-37. Count II asserts a breach of contract claim based on her termination in breach of "a written, oral and/or implied contract of employment" and Federal Express policies and procedures contained in an employee handbook manual. Id. ¶¶ 42-48. Finally, in Count III Turner claims wrongful discharge, again based on her allegedly unjust termination in the face of the designation in her contract for employment that she could only be terminated for cause. Id. ¶¶ 51-58.

Federal Express has moved to dismiss Turner's complaint,[1] arguing that the defamation

---

[1] Turner contends that Federal Express's motion should be converted to a motion for summary judgment because an authenticated copy of the Employee Handbook was attached through an accompanying declaration. However, Federal Express is correct that the motion remains one to dismiss where a plaintiff has failed to incorporate or attach an important document referred to in the complaint, and the defendant simply submits an authenticated copy to

claims are either untimely or barred by privilege and that the breach of contract and wrongful discharge claims are barred because Turner was an at-will employee. That motion is fully briefed and ripe for decision. As explained below, the motion will be granted and Turner's complaint will be dismissed in its entirety.[2]

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

---

be considered on the motion to dismiss. See, e.g., GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997).

   [2] Federal Express contends that Turner's opposition to its motion was not timely filed. Although it appears that the opposition was filed several days late, it will not be stricken and Federal Express's motion will be granted on its merits.

of those facts is impossible, and 'that a recovery is very remote and unlikely,'" id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" id. at 1966 (quoting Fed. R. Civ. P. 8(a)(2)).

The notice pleading rules, however, are not meant to impose a great burden on a plaintiff. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 127 S. Ct. at 2200 (citing Bell Atl. Corp., 127 S. Ct. at 1965)). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan, 478 U.S. at 286).

## DISCUSSION

Turner's defamation claim in Count I is either untimely or barred by absolute or qualified privilege. Her breach of contract and wrongful discharge claims in Counts II and III fail because Turner was an at-will employee. These points are addressed below.

I.      **Defamation**

It is not altogether clear what alleged statements Turner claims were defamatory.  In the Complaint, she focuses on the alleged statement by Federal Express that she engaged in willful misconduct, Compl. ¶ 32, and the alleged communication by Federal Express to her co-employees that Turner had been suspended and "had performed a disgraceful and/or dishonest act," id. ¶ 34.  In her opposition memorandum, she instead seems to focus on a letter from Federal Express informing her that she had lost the internal appeal of her termination.  See Pl.'s Opp'n at 7.  None of these alleged defamatory statements can survive here, however.

A one-year statute of limitations applies to claims of defamation.  See D.C. Code § 12-301(4) (2003); see also Jin v. Ministry of State Sec., 254 F. Supp. 2d 61, 68 (D.D.C. 2003).  Turner filed this action on February 22, 2007.  Hence, any allegedly defamatory statement made prior to February 22, 2006 could not be the basis for a claim, as it would be time-barred.  Turner asserts that her suspension occurred on January 20, 2006 and her termination occurred on February 5, 2006.[3]  Claims based on any alleged statements or communications by Federal Express prior to February 22, 2006, in conjunction with Turner's suspension or termination are therefore untimely.  See Dove v. Wash. Metro. Area Transit Auth., 402 F. Supp. 2d 91, 98 (D.D.C. 2005).

The only defamatory statements alleged by Turner that may have been made after February 22, 2006 are the statement in the response by Federal Express to Turner's application for benefits to the D.C. Department of Employment Services ("DOES"), see Compl. ¶¶ 25, 32,

---

[3] Federal Express apparently contends that Turner was terminated on January 19, 2006.  This difference in dates is not material to resolution of the motion to dismiss, and Turner's asserted dates will be accepted for that purpose.

and the statement by Federal Express in a letter advising Turner that she had lost her appeal of her termination through the internal Federal Express Guaranteed Fair Treatment Procedure ("GFTP") process, which Turner had raised in the briefing on the motion to dismiss, see Pl.'s Opp'n at 7. Even if these claims are timely, however, they are nonetheless barred by absolute or qualified privilege.

Under settled District of Columbia law, "[r]eports to the unemployment compensation board (a.k.a. Department of Employment Services) concerning the termination of an employee are absolutely privileged and cannot support a claim for libel." Alexander v. Evans-Afflick, 1993 U.S. Dist. LEXIS 16425 at *20-21 (D.D.C. Nov. 18, 1993); Rice v. Hilton Hotel Corp., 1987 U.S. Dist. LEXIS 16893 at *7 (D.D.C. Sept. 1, 1987) (same), aff'd Hilton Hotels Corp. v. Banov, 899 F.2d 40, 43 (D.C. Cir. 1990) (acknowledging that statements made during unemployment hearings are privileged); Coleman v. ABC, 1985 U.S. Dist. LEXIS 18787 at *20-21 (D.D.C. June 18, 1985) (holding that representations made during DOES hearing may not be the basis for a lawsuit); accord Goggins v. Hoddes, 265 A.2d 302, 303 (D.C. 1990) (explaining that communication by employer to DOES concerning termination of employee is absolutely privileged). To the extent that Turner is complaining of alleged statements by Federal Express to DOES that Turner had engaged in willful misconduct, then, such a claim of defamation is barred by absolute privilege.

Turner's recent assertion of a defamation claim based on alleged statements by Federal Express advising her, and certain co-employees, that she had lost her appeal through the GFTP process fares no better. As Federal Express points out, "[t]he law has long recognized a privilege for anything 'said or written by a master in giving the character of a servant who has been in his

[or her] employment.'" Wallace v. Skadden, Arps, Slate, Meagher & Flom, 715 A.2d 873, 879 (D.C. 1998) (quoting White v. Nicholls, 44 U.S. 266, 287 (1845)); see also Edwards v. James Stewart & Co., 160 F.2d 935, 936 (D.C. Cir. 1947) ("It is clear that appellee's letter . . . written in response to an inquiry by a prospective employer of appellant was clothed with a qualified privilege recognizable as a matter of law."); Schrader v. Eli Lilly & Co., 639 N.E.2d 258, 262 (Ind. 1994) ("Intracompany communications regarding the fitness of an employee are protected by the qualified privilege, in order to accommodate the important role of free and open intracompany communications and legitimate human resource management needs."); Gengler v. Phelps, 589 P.2d 1056, 1058-59 (N.M. App. 1979) ("The general rule applicable to an employer-employee relationship makes it clear that a former employer is conditionally privileged for statements made about a former employee if made to one having an interest in the subject matter of the statements.") (citing Restatement (Second) of Torts § 595 cmt. i). However, this qualified privilege only exists in the absence of malice. See Wallace, 715 A.2d at 879 ("The privilege in question, however, exists only 'in the absence of malice'; it is a *qualified* privilege.'") (quoting Washington Times Co. v. Bonner, 86 F.2d 836, 840 (D.C. Cir. 1936)). And the party seeking to overcome the privilege has the burden of showing malice. See id. (citing Ashford v. Evening Star Newspaper Co., 41 App. D.C. 395, 455 (1914)).

Turner does not allege that the challenged statement was malicious or that publication was beyond the normal, expected scope and therefore excessive.[4] Hence, she has not overcome the presumptive qualified privilege for an "intra-company" examination of the type Turner

---

[4] Indeed, because this alleged defamatory statement was raised for the first time in Turner's opposition brief, there is scarcely little in the way of reliable allegations.

challenges here.  Equally telling, Turner would seem under the law to have consented to the communication, which is an absolute defense to a defamation claim in the District of Columbia.  See Farrington v. Bureau of Nat'l Affairs, Inc., 596 A.2d 58, 59 (D.C. 1991) (explaining that publication is privileged if there was express or implied consent, the statement was relevant to the purpose of the consent, and publication was limited to those having a legitimate interest).  Turner voluntarily appealed her termination through the internal GFTP process.  See Compl. ¶ 23.  That would seem to constitute implied consent to reasonable internal communication of the result of her appeal and the rationale for the decision.

Turner has not alleged that the statement by Federal Express advising her and others that she had lost her GFTP appeal contained irrelevant information or was disseminated more broadly than warranted by Federal Express's legitimate business and human resource interests.  She does appear to assert that statements made to DOES are not privileged because they occurred in "far from ordinary" circumstances -- i.e., in the context of Federal Express's appeal of the DOES decision.  But the Court concludes that an employer's appeal of an award of unemployment benefits is not such an unusual circumstance that an otherwise applicable privilege is overcome or should be ignored.  And Turner has not alleged any circumstance that would overcome the presumptive qualified privilege for Federal Express's limited internal communication of the outcome of her GFTP appeal, to which she gave implied consent by initiating the appeal in the first place.  Turner is really arguing that Federal Express was wrong in its conclusion in the GFTP process and in the information it communicated to DOES.  But such error, if it occurred, does not amount to malice, excessive publication, or any other circumstance that overcomes the privileges applicable here.

For all these reasons, Turner's defamation claims as asserted in Count I of her Complaint, and then expanded upon in her briefing of the motion to dismiss, will be dismissed. Any claims based on statements made prior to February 22, 2006 are untimely, and Turner's defamation claims based on alleged statements by Federal Express to DOES or to its employees when communicating the outcome of Turner's GFTP appeal are barred by absolute or qualified privilege.

**II.    Breach of Contract and Wrongful Discharge**

Turner's breach of contract and wrongful discharge claims in Counts II and III fail for the same reason -- she was an at-will employee. Turner contends that the employment contract that was breached, and that did not permit her termination in the manner it occurred, arose out of the Federal Express employee handbook. The Court rejects that contention.

In the District of Columbia, "unless a contrary contractual intent is clearly expressed, all employment is at-will." Green v. Bowne of N.Y., LLC, 2002 U.S. Dist. LEXIS 16872 at *1-2 (D.D.C. Sept. 5, 2002) (dismissing breach of contract claim based on employee handbook); see also Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 627 (D.C. 1997) (noting that employment is presumed to be at will and can be terminated at any time for any, or no, reason); Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991) (same); Sullivan v. Heritage Found., 399 A.2d 856, 860 (D.C. 1978). The presumption of at-will employment is rebutted only where the parties clearly state an intention to place limits on the employer's right to terminate. See Perkins v. Dist. Gov't Employees Fed. Credit Union, 653 A.2d 842, 842 (D.C. 1995). And although certain employee handbooks may contain such an expression of intent, an employee handbook is unenforceable if it "contains language clearly reserving the employer's right to

terminate at will." Sisco v. GSA Nat'l Capital Fed. Credit Union, 689 A.2d 52, 55 (D.C. 1997). Courts in the District of Columbia have routinely concluded that the language in an employee handbook does not create an implied employment contract. See, e.g., Futrell v. Dep't of Labor Fed. Credit Union, 816 A.2d 793, 806 (D.C. 2003) (unambiguous language in bold print that handbook does not constitute an express or implied contract and employee may be terminated at any time for any reason); Green, 2002 U.S. Dist. LEXIS 16872 at *1-2 (handbook stated that it is not intended to be and is not a contract or guarantee of employment); Carter v. George Washington Univ., 180 F. Supp. 2d 97, 109-10 (D.D.C. 2001) (handbook stated that the personnel policies do not reflect or constitute terms of a contract and that employment may be terminated at will at any time).

    The Federal Express employee handbook plainly refutes Turner's contention that it created an express or implied contract. A disclaimer expressly states that the handbook "is not a contract of employment," and should not "be read or implied to provide for one." Def.'s Mot. to Dismiss Ex. A (Decl. of Lisa Monahan, Attach. 2 at 2). That language is repeated on the acknowledgment of receipt signed by Turner and all other employees when receiving the handbook. Id. The separate employment agreement Turner entered specifies that her employment is at-will and that she can be terminated by Federal Express without cause at any time. Id. Ex. A, Attach. 1 at 2-49. Clearly, then, the employee handbook does not create an employment contract, and Turner was -- by virtue of both her employment agreement and the employee handbook -- an at-will employee subject to termination by Federal Express at any time and for any, or no, reason.

    Turner was, it is also clear, fully informed of her at-will employment status. She really

has no response to Federal Express's arguments. Hence, no contract based on the employee handbook existed, Turner was at all times an at-will employee subject to termination without cause, and her breach of contract claim in Count II must fail.

So, too, Turner's wrongful discharge claim in Count III must be dismissed. She contends that she was terminated in a manner not provided for in her employment contract. See Compl. ¶¶ 50-58. But as an at-will employee she could "be terminated 'at any time and for any reason, or for no reason at all.'" Kerrigan, 705 A.2d at 627 (quoting Adams, 597 A.2d at 30). Presumptively, under District of Columbia law, wrongful discharge claims brought by at-will employees are barred. Id. Turner has made no allegation that would avoid or overcome that presumption. Accordingly, her wrongful discharge claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Federal Express's motion to dismiss will be granted. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

Date: March 28, 2008